Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD WINTERS, JR.,** | ) Case No. |
| Plaintiff, | ) **COMPLAINT** |
| vs. | ) 1. **VIOLATION OF FEDERAL FAIR CREDIT REPORTING ACT** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | ) **JURY DEMAND** |
| Defendant. | ) |

# I INTRODUCTION

1. Plaintiff, RICHARD WINTERS, JR. (hereinafter, "Plaintiff"), brings this action for Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.'s violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, *et seq.*, which regulates the furnishing and reporting of consumer credit information.

## **II JURISDICTION & VENUE**

2.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this action arises under the FCRA, 15 U.S.C. § 1681, *et seq.*.

3.     Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in Costa Mesa California, which is within this District and does business within this District.

## **III PARTIES**

4.     Plaintiff is a natural person and a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

5.     At all relevant times herein, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant is a person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "credit reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Furthermore, Defendant is an "information furnisher" as the term is used in the FCRA.

///

# IV FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's "consumer report" as the term is defined in the FCRA, 15 U.S.C. § 1681a(d).

7. Defendant has reported and continues to report inaccurate and derogatory information on Plaintiff's consumer report. The inaccurate reporting includes, without limitation, HUNTER WARFIELD INC ("HWI") and COMMONWEALTH FINANCE ("CF").

8. The inaccurate reporting regarding HWI stems from carpet cleaning fees that were purportedly incurred after moving out of an apartment Plaintiff was renting. Plaintiff left the apartment in a cleaner condition than it was in when he moved in, and paid a professional cleaning service to service the residence before moving out. The apartment owner contacted Plaintiff after moving out, and attempted to misrepresent the state of the apartment upon his departure. The apartment owner attempted to extort money out of Plaintiff to pay for something that he did not owe, per the terms of his rental agreement. Plaintiff informed the apartment owner that he did not appreciate being extorted and that he contested the charges and refused to pay money for something he did not owe. Plaintiff expressed to the apartment owner that he believed the apartment owner's conduct

to be unethical. The apartment owner then sent Plaintiff's debt to collections. The collections agents thereafter informed Plaintiff that they were collecting on this debt. Again, Plaintiff informed the collections agents that he did not owe the money and explained what had happened. Nevertheless, they continued to harass Plaintiff and placed this item on his credit report. Plaintiff contends that the debt is not owed. Plaintiff contested the reporting of this tradeline and requested it be removed from his credit report, but Defendant did not timely remove this item from his credit report.

9. The inaccurate reporting regarding CF stems from medical bills that were incurred after Plaintiff was involved in a motorcycle accident. Plaintiff hired a personal injury attorney to bring a lawsuit against the driver and his insurance carrier. In connection with the lawsuit, a condition of settlement was that Plaintiff's medical expenses would be paid. Although this debt was paid to the medical facility, a recordkeeping error with the original creditor was committed, resulting in this debt being reported on Plaintiff's credit. Plaintiff contends that the debt was paid off and is not owed. Plaintiff contested the reporting of this tradeline and requested it be removed from his credit report, but Defendant did not timely remove this item from his credit report.

10. Furthermore, Defendant has inaccurately reported Plaintiff's date of birth, thus putting Plaintiff at risk of having his account "mixed" and thus being

confused with other consumers which would lead to further inaccurate and erroneous reporting. Plaintiff contested the reporting of this tradeline and requested it be removed from his credit report, but Defendant did not timely remove this item from his credit report.

11.   Well over thirty (30) days prior to the filing of this Complaint, Plaintiff has sent Defendant letters disputing the aforementioned marks on his consumer report and demanding validation thereof. All three of the aforementioned marks are clearly identified in Plaintiff's dispute letter, as are the reasons for their inaccuracy.

12.   However, Defendant has neither removed the derogatory remarks disputed by Plaintiff nor verified their accuracy. Moreover, Defendant has failed altogether to respond in any way to Plaintiff's dispute.

13.   Defendant is aware that the credit reporting agencies and other parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

14.   Despite Plaintiff's efforts to date, Defendant has deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status

of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

15. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of credit;

   b. Being recklessly put in danger of a mix-up with other consumers who have similar names because of the inaccurate date of birth;

   c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   d. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   e. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and

   f. Decreased credit score which may result in inability to obtain credit on future attempts.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful,

reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

18. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   d. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff despite knowing that said information was inaccurate; and

   e. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

19. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT

20. Plaintiff includes by reference all of the aforementioned allegations as if fully set forth herein.

21. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages;

    C.    Costs and reasonable attorney's fees; and

    D.    For such other and further relief as this Court finds just and proper.

## V JURY DEMAND

22. Plaintiff hereby demands, pursuant to his Seventh Amendment right under the Constitution of the United States of America, a trial by jury on all issues so triable.

Respectfully submitted this 6th Day of March, 2017.

By: /s/Todd M. Friedman, Esq.
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff